UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUSTIN BOROZNY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                  Case No. 3:19-cv-112-J-39PDB

EDGEWATER INN, a Florida
Corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on sua sponte. This case is brought pursuant to Title III of the American Disabilities Act, 42 U.S.C § 12181 et seq. ("ADA"). (Doc. 1 at 2; Complaint). The gravamen of the Complaint is that Plaintiff was unable to ascertain whether Defendant's hotel provided accommodations for disabled individuals while using Defendant's online reservation system consistent with 28 C.F.R. 36.302(e). However, upon review of the Complaint, Plaintiff lacks standing.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243. F.3d 1277, 1279-1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). If a plaintiff lacks standing, the Court must dismiss the case because "federal courts do not have jurisdiction over his or her complaint." Stalley ex rel. U.S. v. Orlando

Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). An essential component to establish standing is the existence of an injury that is "concrete and actual or imminent, not conjectural or hypothetical" and that such injury is redressable. Id.; see also Burdick v. Kennedy, 700 F. App'x 984, 986 (11th Cir. 2017) ("The irreducible constitutional minimum of standing comprises three elements: injury-in-fact, causation, and redressability.") (internal quotations omitted).

The pertinent facts alleged in the Complaint are: Plaintiff is mobility impaired and requires the use of a wheelchair. Complaint ¶ 10. Plaintiff actively advocates for disabled individuals and is commonly referred to as a "tester."[1] Id. ¶ at 12. Consistent with his role as a tester, Plaintiff visited Defendant's website to ascertain whether it complied with the ADA's requirements, namely section 36.301(e). Id. ¶ 17. Section 36.302(e)(1) requires a

> public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

---

[1] The term "tester" refers to individuals who seek out public accommodations "with the purpose of discovering, encountering, and engaging discrimination against the disabled . . . ." Lucibello v. McGinley, No. 207CV-217-FTM-34SPC, 2008 WL 398981, at *1 (M.D. Fla. Feb. 12, 2008).

28 C.F.R. §§ 36.302(e)(1)(i) and (ii). Plaintiff claims Defendant's website failed to allow him to assess whether Defendant's hotel can meet his accessibility needs, such as information pertaining to handicap parking and accessible routes for individual's in wheelchairs. Complaint ¶¶ 17 and 19. Among other things, Plaintiff seeks injunctive relief because he "is being deterred from patronizing the Hotel on particular occasions but intends to return to the Hotel and the Website for the dual purpose of availing himself of the goods and services offered to the public by the Hotel and to ensure that Defendant ceases evading its responsibilities under federal law." Id. ¶ 21.

The only relief available to plaintiffs suing under Title III of the ADA is injunctive relief. See Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1329 (11th Cir. 2013). When injunctive relief is sought, an additional showing for injury-in-fact is required as a plaintiff must also plead facts that establish a sufficient likelihood that he or she will be affected by the allegedly unlawful conduct in the future. Id. at 1328-29. In establishing future injury, the injury must be "real and immediate—as opposed to merely conjectural or hypothetical." Id. at 1329 (internal quotations omitted). To assess the existence of a future injury in regards to violations of the ADA, courts have considered four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." See Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1223 (M.D. Fla. 2012) (internal quotations omitted).

According to Google Maps, Plaintiff's residence is approximately 261 miles from Defendant's Hotel.[2] Plaintiff does not allege that he has previously patronized Defendant's Hotel. Plaintiff fails to establish any concrete plans to visit Defendant's Hotel or its website and fails to establish frequency of travel near Defendant's Hotel. The Court compares the facts as alleged in this case with those present before the Eleventh Circuit Court of Appeal in the strikingly similar case Kennedy v. Solano, 735 F. App'x 653, 655 (11th Cir. 2018). The Eleventh Circuit held that the plaintiff in Kennedy failed to establish a future injury where: she lived 170 miles from the defendant's hotel; patronized the defendant's hotel once; failed to allege a definitive time to return to the Defendant's hotel; and alleged frequent travel near the vicinity surrounding the defendant's hotel. Id. Here, Plaintiff lives even further away than the plaintiff in Kennedy; has not once visited Defendant's hotel; and has not alleged frequent travel near Defendant's hotel. Moreover, Plaintiff only pleads that he "intends" to revisit Defendant's website sometime in the future. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of **when** the some day will be—do not support a finding of the 'actual or imminent injury' that our cases require." Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992) (emphasis in original). Therefore, Plaintiff lacks standing and this case is due to be dismissed. Accord. Burdick, 700 F. App'x at 985 (affirming district court's sua sponte dismissal for lack of standing).

---

[2] Courts routinely rely on and take judicial notice of Google Maps. See, e.g., Permenter v. Fedex Freight, Inc., No. 7:14-CV-104 (HL), 2016 WL 878496, at *2 (M.D. Ga. Mar. 7, 2016).

Accordingly, after due consideration, it is

**ORDERED:**

This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Jacksonville, Florida this 25th day of February, 2019.

BRIAN J. DAVIS
United States District Judge

5
Copies furnished to:

Counsel of Record